### DEBRO et al. v. JAMES LEE'S SONS CO.

(Circuit Court, E. D. Pennsylvania. May 21, 1904.)

No. 70.

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE.

Plaintiff, who was employed to operate a winding machine in a woolen factory, had been instructed in the operation of the machine for 3½ days, after which she did the work satisfactorily for about 3 weeks before the accident happened. In the course of the winding the strands would sometimes be broken, when it was necessary either to stop the machine and join the ends, or to throw the broken strand over the others, which would accomplish the same result. Plaintiff had been instructed how to throw the strands over, but at the time she was injured she attempted to push the broken strand into place, and, in doing so, placed her hand too near the roller, when it was caught and injured. *Held*, that the accident was the result of plaintiff's contributory negligence, precluding a recovery.

Motion to Take Off Compulsory Nonsuit.

130 F.—25

Bertram D. Rearick and Maxwell Stevenson, for plaintiffs.
Morton Z. Paul and George L. Crawford, for defendant.

J. B. McPHERSON, District Judge. The right forearm of the plaintiff Annie Debro was injured while she was working in the defendant's employ at a machine used for winding large strands of woolen yarn into balls at an early stage of some manufacturing process. She complains in her statement of claim that, although the defendant's duty was to keep the machine in good repair and instruct her how to operate it, "the defendant wholly neglected its said duties, and entirely failed and refused to instruct the said plaintiff Annie. Debro, and to maintain its said machine in a reasonable condition of safety and good repair." Of these charges there was no evidence whatever. So far as appears, the machine was in thorough order, and the plaintiff herself testified that for 3½ days she was instructed by another employé how to operate the machine—which is a very simple affair, indeed, and easy to understand—and that she learned her lesson with such success that she did satisfactory work upon it for about 3 weeks before the accident happened, making several thousands of balls in that time. It is, I think, perfectly clear how her hand came to be caught. While passing around a roller, one of the strands sometimes breaks—there are four of them, each as thick as a man's wrist, moving side by side—and then it becomes necessary that continuity shall be re-established, in order to avoid trouble in the next stage of the process. The machine moves rapidly, winding a large ball in about half a minute, and therefore the absolutely safe way is to stop it and make the readjustment while it is at rest; but there is another method, which is also safe if reasonable care be taken. This is to take up the end of the strand that is attached to the source of supply, and throw it over the remaining three strands that are still moving. These unbroken strands invariably carry the new end to its proper place immediately, and nothing more is required. The plaintiff had been instructed how to act if a strand should break. She was to "throw it over," as she testified several times; but on this occasion she evidently forgot her lesson, or had grown careless, for she attempted to push the strand into place, put her hand too near the roller, and was thus caught and injured.

Under such circumstances, I could not have sustained a verdict against the defendant. No negligence on its part was proved; proper instruction had been given, and the machine was in good repair, while the contributory negligence of the plaintiff appeared clearly from her own testimony. As I thought at the trial, and still think, it was my duty to enter a nonsuit.

The motion must be denied.